IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LANSANA MANSARAY,**<br>    **Plaintiff** | )<br>)<br>) |
| vs. | )   C.A.No. 1:22-cv-81<br>) |
| **ROBERT WENNER, et al,**<br>    **Defendants.** | )   RE: ECF No. 16<br>)<br>) |

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

Pending before this Court is Defendants' motion to dismiss. ECF No. 16. For the reasons stated herein, the motion will be granted.

**Procedural Background**

This civil rights action was filed in this Court by Plaintiff Lansana Mansaray, acting pro se, against law enforcement officers Robert Wenner and Kevin Daly. Initially, Plaintiff's motion for *in forma pauperis* status was granted and this civil action was dismissed as frivolous in accordance with 28 U.S.C. § 1915A. ECF No. 3. Thereafter, Plaintiff filed a motion to reopen the case along with a proposed amended complaint. The undersigned granted the motion and directed that the proposed amended complaint be filed and served on Defendants. ECF No. 6 (The proposed amended complaint "will serve as the sole operative complaint in this matter.").

In the amended complaint, Mr. Mansaray alleges that Wenner (without any mention of Daly within the body of the pleading) breached a duty of care when he sent a biased report to U.S. Citizenship and Immigration Services about Plaintiff. Mansaray claims that the biased

1

report ultimately led to his arrest, federal detention, separation from his two minor children, and deportation. Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights. He seeks the reversal of his deportation, as well as monetary damages. ECF No. 7.

Thereafter, and without permission or allowance to do so, Plaintiff filed another proposed amended complaint. ECF No. 9.[1] In this filing, Plaintiff adds more factual details about his core claim and adds claims and allegations regarding the municipal liability of Oil City Police Department as well as the City Council for the actions of Wenner and Daly.

All Defendants filed a motion to dismiss accompanied by state court records[2] from a prior lawsuit involving Mr. Mansaray. ECF No. 16; ECF No. 17. Plaintiff has filed a response in opposition to the motion to dismiss. ECF No. 20. This matter is ripe for disposition by this Court.

**Standard of Review**

District courts are to engage in a three-step inquiry in order to determine the sufficiency of a complaint in the face of a motion to dismiss:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to

---

[1] A month later, Plaintiff filed yet another proposed amended complaint, again without permission or allowance. *See* ECF No. 12. This appears to be a carbon copy of the complaint filed a month earlier at ECF No. 9.

[2] Many of the filings by both parties include exhibits. This Court will take judicial notice of these documents because they are court records and because their authenticity is undisputed. The motion to dismiss need not be converted to a motion for summary judgment. *See Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 5600 (3d Cir. 2002) ("… certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment.").

2

>the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) *quoting Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

Because Plaintiff is proceeding pro se, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this relaxed pleading standard, however, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

### *Res Judicata*

Defendants argue that the instant action should be dismissed in its entirety as it is barred by the doctrine of *res judicata*.³ This Court agrees.

The doctrine of claim preclusion, traditionally known as *res judicata*, "… generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not litigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Application of the doctrine requires: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their

---

³ Defendants raise several other grounds for either partial or full dismissal. Because this action is precluded by the prior action in state court, this Court need not examine Defendants' other grounds for relief.

3

privies." *U.S. v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009) *quoting EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990).

The instant matter is precluded by an earlier action in the Venango County Court of Common Pleas. Comparison of the two actions leaves no doubt that the doctrine should be applied here to preclude this action. The record reveals a final judgment on the merits in the prior suit: President Judge Marie T. Veon of the Venango County Court of Common Pleas dismissed the prior action with prejudice due to Mansaray's failure to state a claim. *See* ECF No. 16-4, pages 1-5. The parties and the claims are the same in both actions: like in the instant action, Mansaray brought the claims in his state court action against Wenner and Daly pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights. In the Venango County action, Mr. Mansaray alleged that Wenner's transmittal of a biased report to U.S. Citizenship and Immigration Services breached an unspecified duty of care and violated his constitutional rights. The complaint in the Venango County action is nearly word-for-word the same as the original complaint in this action. *Compare* ECF No. 16-3 (complaint filed in Venango County Court of Common Pleas) *with* ECF No. 7 (original complaint in the instant action).

Mansaray's expansion of his original complaint in this action to include the municipal entities (which were not sued in his state court action) does not save him from the application of *res judicata*. Claim preclusion bars a plaintiff from asserting a cause of action that could have been raised and decided in an earlier lawsuit. *CoreStates Bank, N.S. v. Huls America, Inc.*, 176 F.3d 187, 195 (3d Cir. 1999). Although Mansaray did not raise a claim of municipal liability in the state court action, he could have done so.

Accordingly, the instant action is barred by the doctrine of *res judicata* and the motion to dismiss will be granted.[4] An appropriate Order follows this Memorandum Opinion.

---

[4] Plaintiff's claims are also likely time barred by the statute of limitations. While 42 U.S.C. § 1983 does not contain a statute of limitations period, "federal courts must look to the statute of limitations governing analogous state causes of actions." *Urrutia v. Harrisburg County Police Dep't,* 91 F.3d 451, 457 n. 9 (3d Cir.1996). The statute of limitations on § 1983 claims is two years. *See* 42 Pa. Cons.Stat. Ann. § 5524. Furthermore, "[a] section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del. v. City of Phila.,* 142 F.3d 582, 599 (3d Cir.1998) (citation omitted). Plaintiff knew or should have known of his injuries arising out of these factual circumstances more than two years prior to filing this complaint in March 2022 (or a prior complaint in an earlier federal action in December 2021).